[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant, unmarried lived together from 1962 to 1984. They bore two children — a son was born in 1963 and the daughter was born in 1968. The plaintiff was 18 years old when they started to live together. The defendant was 21 years old at that time. CT Page 5143
During the period that the parties were living together, they acquired real estate jointly, as husband and wife, maintained joint bank accounts and filed joint income tax returns. The parties agreed implicitly by their conduct and their words to share their earnings and the fruits of their joint labor.
Eventually, the defendant became a successful real estate developer. The plaintiff has not worked in her lifetime. The plaintiff was a homemaker and a mother. The defendant did not want her to be employed until the separation.
They lived in Old Saybrook. In 1982, they bought a house in Florida. The defendant became a real estate developer in Florida and bought real estate in Florida.
The defendant prospered in Florida in the beginning. He had economic reverses in recent years.
They bought four lots on Tudor Court in Old Saybrook. The defendant built the first home on 8 Tudor Court and the defendant built the second home on 12 Tudor Court. The plaintiff lives with her daughter in 12 Tudor Court. The parties who own 8 Tudor court rent it out.
The defendant made the financial decisions. The defendant told the plaintiff what to do about the financial affairs. She acquiesced.
The 12 Tudor Court house is in the plaintiff's name. The defendant wanted to finance the project in Florida so the defendant negotiated with the Essex Savings Bank for a new mortgage. The bank and the defendant agreed to add the lot between the two houses. The title to the lot is in the plaintiff's name. She signed the mortgage deed and the mortgage note.
The two properties were foreclosed in Florida. The parties were left with only one property in Florida — 1779 South Creek, Sarasota. The South Creek property is in joint names.
The Essex Savings Bank foreclosed on the 12 Tudor Court property and the adjacent lot. It was a strict foreclosure. The date of redemption is July 1, 1991.
As of April 10, 1990, judgment entered for a total of $97,023.41, including the principal, interest, CT Page 5144 attorney's fees, taxable costs, etc. The taxes (current and arrears) are $38,000.
The bank appraiser stated in his opinion that the two lots and improvements are valued at $302,000. As of October 1, 1990, the town of Old Saybrook revalued all of the real property in the town. The market value of the appraisal by the assessors as to 12 Tudor Court is $310,800. The adjacent lot was appraised by the assessors $85,100. as to market value. The total appraisals of the market value by the assessors were $395,100.
The plaintiff testified that in her opinion that 12 Tudor Court and the adjacent lot was $250,000.
The defendant valued the 12 Tudor Court $650,000, without the adjacent lot.
The 8 Tudor Court property is jointly owned. The plaintiff's value is $169,000. less $3,000 mortgage.
The plaintiff valued the adjacent lot to 12 Tudor Court is $60,000. There was a first mortgage of $40,000 to an individual.
A building lot is owned jointly. The plaintiff valued the building lot as $18,000.
The court finds that perhaps the most valuable asset is 12 Tudor Court. The value of the property is between $250,000 and $650,000. Taking the minimal value of $250,000, the equity is substantial.
The court finds for the plaintiff on the first count of the complaint. The court finds for the defendant on the first count of the cross-complaint.
The court orders that one or all of the attorneys shall make a motion to the court to amend the strict foreclosure to foreclosure by sale.
All of the property shall be sold except for 8 Tudor Court property and South Creek property. The parties divides equally of the net proceeds.
The defendant transfers his interest to the plaintiff in 8 Tudor Court property and the plaintiff transfers her interest in the South Creek property.
If the 12 Tudor Court property is sold for CT Page 5145 $300,000 or less, the plaintiff keeps the net proceeds. If the property is sold for more than $300,000, the overage of $300,000 the parties divide equally.
The plaintiff shall retain the contents of 12 Tudor Court and the defendant shall retain the contents of the Florida home.
The plaintiff is about 47 years old. The younger child is 23 years old. The plaintiff testified she had never made application for a job. The plaintiff is intelligent and the court perceives that she is physically healthy.
Some of the court orders are fraught with imponderables. The court retains jurisdiction.
EDELBERG STATE TRIAL REFEREE.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk